UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **FEDERAL HOME LOAN MORTGAGE CORPORATION,** ) ) | |
| Plaintiff, ) ) | |
| ) | CIVIL ACTION FILE |
| v. ) | NO: 1:11-CV-03895-CAP |
| ) | |
| **JOSEPH A. MATASSINO, JR.** ) | Removed from Fulton |
| 'And All Others,' ) | County Magistrate Court |
| ) | Case No. 11ED552079 |
| Defendants. ) | |

## MATASSINO'S MOTION TO STRIKE

COMES NOW, Defendant Joseph A. Matassino, Jr., on his own behalf and on behalf of his minor children who reside with him at the subject property (collectively referred to in the singular as "Matassino"), and files this motion to strike the unauthenticated, unrecorded, and irrelevant documents that are replete with inadmissible hearsay which Plaintiff Federal Home Loan Mortgage Corporation ("Freddie Mac") improperly attempts to inject into the record by simply attaching them to its omnibus pleadings captioned as a motion to remand and a response to Matassino's motion to dismiss [See Exhibits A & B attached to Docket #s 6 & 7].

## I. INTRODUCTION

Freddie Mac filed a lawsuit against Matassino in state court (the "First Case") which Matassino properly removed to this Court. Freddie Mac did not object to removal, nor did it move to have the First Case remanded to the state court. Following warnings from the Court which it ignored, Freddie Mac's First Case was dismissed with prejudice by this Court in an order and judgment entered on October 19, 2011 (the "order and judgment"). Freddie Mac did not appeal, and the order and judgment became final and non-appealable.

In a brazen attempt to evade the effect of the order and judgment dismissing the First Case with prejudice, Freddie Mac filed a second case in state court (the "Second Case") again asserting the identical issues and claims against Matassino as it had in the First Case. Matassino promptly removed the Second Case to this Court and filed his Motion to Dismiss on the grounds of *res judicata*, or collateral estoppel.

Seeking to avoid dismissal, Freddie Mac opposed Matassino's Motion to Dismiss by arguing that the order and judgment entered in the First Case are "void" because this Court "lacked subject matter jurisdiction." For the same reasons, Freddie Mac also argues that the Court lacks jurisdiction over this Second Case and seeks a remand of this Second Case to state court. In an apparent attempt to inject evidence or facts into the record, Freddie Mac attached to its pleadings as **Exhibit A** a

document captioned as a "Deed Under Power" (the "Purported Deed Under Power") and, as **Exhibit B**, a document captioned a "Special Warranty Deed" (the "Purported Warranty Deed" which, together with the Purported Deed Under Power, are collectively called the "Documents")[1].

As shown below, the documents attached by Freddie Mac to its pleadings should be stricken because, among other reasons: (1) they are irrelevant, immaterial and impertinent; (2) they are unauthenticated; (3) they contain unsupported and inadmissible conclusions; (4) they are replete with hearsay (and hearsay within hearsay); and (5) they are self-serving documents that were clearly prepared for purposes of litigation.

## II. ARGUMENT & CITATION TO AUTHORITY

**A.    The Documents Are Irrelevant and Immaterial**.

Evidence is only relevant "if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." F.R.E. 401. Irrelevant evidence is inadmissible. F.R.E. 402. As shown in Matassino's motion to dismiss, Freddie Mac's claims are barred by *res*

---

[1] Both of the Documents appear to have been prepared by Freddie Mac's attorneys in this case, McCalla Raymer.

*judicata*. The effect of *res judicata* has been explained as follows by the Supreme Court (with emphasis added):

> Simply put, the doctrine of *res judicata* provides that when a final judgment has been entered on the merits of a case, "**[i]t is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose**." *Cromwell v. County of Sac,* 94 U.S. 351, 352, 24 L.Ed. 195 (1876). The final "judgment puts an end to the cause of action, which **cannot again be brought into litigation between the parties upon any ground whatever**." *Commissioner v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948). See *Chicot County Drainage District v. Baxter State Bank,* 308 U.S. 371, 375, 378, 60 S.Ct. 317, 319, 320, 84 L.Ed. 329 (1940).

*Nevada v. United States*, 463 U.S. 110, 129-130 (1983) (footnote omitted).

The Documents represent Freddie Mac's patent attempt to present information or facts that bear on issues that have already been litigated to a conclusion. Such "evidence," however, simply cannot be "received to sustain the claims or demand" of Freddie Mac. The Documents are, therefore, irrelevant and inadmissible and should be stricken. Even if any portion of the Documents were relevant, they should also be stricken based on F.R.E. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, undue delay, [or] wasting time.")

**B.  The Documents are Unauthenticated.**

To satisfy the requirement of authenticating or identifying an item of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  F.R.E. 901.  The Documents attached to Freddie Mac's briefs are not supported by any testimony from any witness, nor do they even purport to be copies of publically recorded documents.  For this separate reason, they should be stricken.

**C.  The Documents are Full of Unsupported Conclusions.**

Even when evidence is presented in the form of sworn statements, the Eleventh Circuit regularly affirms the trial court's disregard of affidavits that contain conclusory allegations lacking any foundation establishing personal knowledge. *See, e.g. Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000)(nothing that "conclusory allegations" in an affidavit "without specific supporting facts have no probative value")(citation omitted); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984)(holding that "mere verification of a party's own conclusory allegations is not sufficient to oppose a motion for summary judgment").  Indeed, the entire document may be disregarded if the "inadmissible matter is so interwoven or inextricably combined with the admissible portions that it is impossible, in practical sense, to separate them." *Southern Concrete Co. v. U.S. Steel Corp.*, 394 F. Supp. 362

(N.D. Ga. 1975). Here, the Deed Under Power is full of unsupported conclusions regarding purported relationships between or among Cardinal Bank, PNC Bank, National Association, National City Bank, and National City Mortgage Co. It also purports to describe facts, circumstances and events which are were disputed and resolved in prior proceedings.

**D. The Documents are Replete With Hearsay**.

The Documents also are replete with inadmissible hearsay testimony in violation of F.R.E. 802. Under the rules of evidence, hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." F.R.E. 801(c).

Courts have consistently held that affidavits containing hearsay cannot be considered by the court. *Pittman v. Tucker*, 213 Fed. Appx. 867, 872 (11th Cir. 2007)(*per curiam*)(affirming the district court's disregard of plaintiff's testimony of what another individual had told him); *Purcell ex rel. Estate of Morgan v. Toombs County, GA*, 400 F.3d 1313, 1318 (11th Cir. 2005)(disregarding witnesses' testimony as to what other individuals had told him); *Club Car, Inc. v. Club Car (Quebec) Import, Inc.*, 362 F.3d 775, 783 (11th Cir. 2004)(affirming the trial court's disregard of affidavit testimony barred by hearsay rule because the affiant attempted to relay what she claimed government officials had told her); *Macuba v. Deboer*, 193 F.3d

1316, 1322 (11th Cir. 1999)(holding that inadmissible hearsay cannot be considered on a motion for summary judgment). *See also, Koncul Enterprises, Inc. v. Nationscredit Fin'l Servs*., 2001 WL 34052996, at *8-10 (S.D.Ga. August 13, 2001); *Oden v. Legacy Ford-Mercury, Inc.*, 222 Ga. App. 666, 668 (1996). Nor can the documents be admitted based on the business exception to the hearsay rule in F.R.E. 803(6). Because they are also replete with hearsay, the Documents should be stricken.

### E. The Documents Are Self-Serving

The Documents should also be stricken because they are merely self-serving and were obviously prepared for or in relation to this litigation.

### III.  CONCLUSION

For all of the foregoing reasons, the Documents are irrelevant, inadmissible, and impertinent and should be stricken.

This 26th day of December, 2011.

**FRANK X. MOORE & ASSOCIATES**

/s/ Francis X. Moore
Francis X. Moore
Georgia Bar No. 519120
Lindsey L. Walker
Georgia Bar No. 841039

1847 Peeler Road, Suite D
Atlanta, Georgia 30338
(404) 849-6176
fmoore@fxm-law.com         Counsel for Matassino

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that I hereby certify that I have this day electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will send electronic notification to all participating attorneys of record.

This 26th day of December, 2011.

/s/ Francis X. Moore
Francis X. Moore
Georgia Bar No. 519120
Counsel for Matassino